UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

BLAKE WINGATE,                                          11-CV-0357 (ARR)

                    Plaintiff,                          NOT FOR ELECTRONIC OR
                                                        PRINT PUBLICATION
        -against-
                                                        MEMORANDUM
G. GRASSO, Justice; W. MILLER, Justice;                 AND ORDER
S. MONDO, Justice; TIM DRISCOLL, Esq.;
DARA KRISTT, Esq.; ROBERT J. RIETHER;
VIVIANE DUSSEK; FRUMPKIN, A.D.A.;
PLANNER, A.D.A.; JANE DOE, Legal Aid,
BROWN-LEE, A.D.A.; M. MATTEI, Justice;
J. GUBBAY, Justice, all personally & in their
capacity of office,
                    Defendant.
--------------------------------------------------------X

ROSS, United States District Judge:

On January 5, 2011, plaintiff Blake Wingate, currently incarcerated at the Anna M. Kross

Center on Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. §§ 1983, 1985, 1987 and 1988.

Plaintiff seeks damages and to clear his record. The court grants plaintiff's request to proceed *in*

*forma pauperis.* The complaint is dismissed as set forth below.

## Background

Plaintiff alleges false arrest and malicious prosecution in connection with three separate

charges that appear to be currently pending. Plaintiff alleges that the named Judges "pass these ...

cases back and forth to each other instead of dismissing them." Comp. at 5.[1] Plaintiff further alleges

that the prosecutors "have no legal authority to pursue" the charges against him. Id. Finally,

plaintiff alleges ineffective assistance of his assigned counsel. Id.

---

[1] The court refers to the page numbers assigned by the Electronic Case Filing system.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and that the court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Nonetheless, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

A.     Judicial Immunity

The complaint is dismissed against Judges Grasso, Miller, Mondo, Mattei and Gubbay, because judges have absolute immunity from suit for judicial acts performed in their judicial capacities. See Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); Stump v. Sparkman, 435 U.S. 349, 356 (1978).

2

This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356). As the alleged wrongdoing of these defendants were acts performed in their judicial capacity while presiding over plaintiff's criminal cases, see Compl. at 5, plaintiff's claims are foreclosed by absolute immunity and are dismissed. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

B.    Prosecutorial Immunity

The complaint is likewise dismissed against the assistant district attorneys Dussek, Frumpkin, Planner, and Brown-Lee, assigned to prosecute plaintiff in state court. Similar to judges, prosecutors are entitled to absolute immunity when they engage in conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). A prosecutor has absolute immunity from a damages claim "initiating a prosecution." Id. at 431; see, e.g., Barr v. Adams, 810 F.2d 358, 362 (2d Cir. 1987); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). Therefore, plaintiff's claims against these defendants are foreclosed by absolute immunity and are dismissed. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

C.    Defense Counsel

The complaint must also be dismissed against Driscoll, Kirstt, Riether and Jane Doe, Legal Aid Society, attorneys assigned to defend plaintiff. Plaintiff alleges ineffective assistance of counsel. A claim for relief under § 1983 must allege that the defendant acted under color of a state "statute, ordinance, regulation, custom, or usage . . . ." 42 U.S.C. § 1983. It is well-established that public defenders, court-appointed counsel, and private attorneys performing a lawyer's traditional functions

3

as counsel to defendant do not act "under color of state law" and therefore are not subject to suit under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Schnabel v. Legal Aid Society of Orange Co., 232 F.3d 83, 86-87 (2d Cir. 2000); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); McClusky v. New York State Unified Court Sys., No. 10-CV-2144 (JFB) (ETB), 2010 WL 2558624, at *6 (E.D.N.Y. June 17, 2010) (citing cases). Plaintiff's conclusory allegation of a conspiracy falls short of the special circumstances suggesting concert of action between an attorney and a state representative required to sustain such a claim. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Fries v. Barnes, 618 F.2d 988, 990-91 (2d Cir. 1980). Therefore, the claims against these defendants are dismissed. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).[2]

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: March 1, 2011
      Brooklyn, New York

---

[2] The court does not address the defendants listed on the last four pages of the complaint as plaintiff provides no factual allegations against them. These pages appear to belong to plaintiff's complaint before Judge Crotty in the Southern District of New York, No. 11-CV-188. If plaintiff seeks to file claims against these defendants in this court, he must file a separate complaint, request *in forma pauperis* status, and submit a signed Prisoner Authorization form for that complaint.